**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

MARIBEL ROSADO HERNANDEZ

    Plaintiff

        v.

MUNICIPALITY OF VEGA BAJA ET AL.,

    Defendants

Civil No. 06-1308 (FAB/MEL)

**OPINION AND ORDER**

**I. Procedural Background**

Pending before the court are co-defendant Municipality of Vega Baja's motion to dismiss (Docket 18) and plaintiff's opposition to said motion. (Docket 24). Said co-defendant alleges that "the allegations presented in the complaint do not implicate any involvement of the Municipality of Vega Baja in any of the events alleged in the complaint." (Docket 18 at ¶2). Furthermore, the motion to dismiss argues that "[e]ven in the portion of the complaint that describes the parties, the Municipality [of Vega Baja] is not mentioned...." (Docket 18 at ¶3). Finally, the Municipality of Vega Baja alleges that the court lacks jurisdiction to entertain this case. For the reasons explained below, the motion to dismiss is denied.

**II. Motion to Dismiss Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the Court must limit its focus to the allegations of the complaint. Litton Indus., Inc. v. Colón, 587 F.2d 70, 74 (1st Cir. 1978). Specifically, the inquiry should be "whether a liberal reading of [the complaint] can reasonably admit of a claim...." Id.

An evaluation of the merits of a motion to dismiss under Rule 12(b)(6) requires the Court to accept as true all well-pleaded factual claims and indulge all reasonable inferences in Plaintiff's favor.

2

Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996). Dismissal under Rule 12(b)(6) is appropriate if the facts alleged, taken as true, do not justify recovery. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). Thus, a dismissal for failure to state a claim can only be upheld if, after giving credence to all well pleaded facts and making all reasonable inferences in the plaintiff's favor, the factual averments do not justify recovery on some theory asserted in the complaint. Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999).

In order to survive a motion to dismiss, plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). Although all inferences must be made in plaintiff's favor, the Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson, 83 F.3d at 3.

### III. LEGAL ANALYSIS

We begin our discussion with the argument that the motion to dismiss should be granted because the Municipality of Vega Baja is named in the caption of the complaint, but not among the parties listed in the body of the complaint. It is well settled that naming a government official in his official capacity in a complaint is equivalent to suing the government entity itself. See, Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985).

> Prior to 1978, municipalities were not subject to suit under section 1983, so plaintiffs often framed their claims as official capacity actions against municipal officials, rather than naming the municipality directly. See S. Nahmod, Civil Rights and Civil Liberties Litigation, sections 6.01-6.05 (1986). In 1978, the Supreme Court decided that municipalities could be liable for violations of constitutional rights under section 1983. Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978). Now, under Monell, a plaintiff with a claim against a municipality may name the municipality directly, without having to go through the confusing "official capacity" terminology.

Pennington v. Hobson, 719 F.Supp. 760, 772 (S.D. Indiana 1989).

In the case presently before the court, the complaint specifically mentions in its caption the Municipality of Vega Baja as a defendant, but fails to particularly mention said entity as well as a defendant in the body of the complaint. Some courts have suggested that plaintiffs, in order to pursue a claim under Monell, must expressly name the governmental entity as a defendant. Johnson v. Kegans, 870 F.2d 992, 998 n.5 (5th Cir. 1989). Others have determined that

> [b]ecause a suit under section 1983 against a defendant "in his official capacity" is equivalent to a suit against the local government entity, provided that the entity receives notice and an opportunity to respond, the prudent course for a plaintiff who seeks to hold a local government entity liable for damages resulting from an allegedly unconstitutional action under 42 U.S.C. §1983 would be to name in his pleadings the government entity itself... [T]he omission is not fatal in light of Kentucky v. Graham, supra. Notwithstanding the language in Kentucky v. Graham, it is a wise course to name the unit specifically to ensure the requisite notice and to provide an opportunity to respond.

Leach v. Shelby County Sheriff, 891 F.2d 1241, 1245 (6th Cir. 1989). Thus, "the better practice is to make the municipal liability action unmistakably clear in the caption, by expressly naming the municipality as a defendant." Pennington v. Hobson, 719 F.Supp. 760, 773 (S.D. Indiana 1989).[1]

The omission of the Municipality of Vega Baja among the listed parties in the body of the complaint in the case at bar, although unwise, is not fatal. The Municipality of Vega Baja is the first defendant listed in the caption of the complaint, thus clearly giving notice to said entity that plaintiff seeks damages against it. In addition, the caption, as well as the body of the complaint, name as defendants Edgardo Santana Rivera, María del Pilar Vélez, and Jesús M. Pino Navarro. With regard to these three defendants, the caption specifically states that they are being sued not only in their

---

[1] For yet another approach, see Snell v. City of York, 2007 WL 1412061 (M.D.Penn. 2007) (slip copy) ("Courts within the Third Circuit have ruled that claims against an official in his or her official capacity are redundant with the claims against a municipality that employs the official, and should therefore be dismissed.")

4

personal capacity, but also in their official capacity. The fact that these three defendants are being sued in their official capacity also gives notice to the Municipality of Vega Baja that this complaint has been filed against said governmental entity as well. Furthermore, summons were issued and returned executed not only as to Edgardo Santana Rivera, María del Pilar Vélez, and Jesús M. Pino Navarro, but also as to the Municipality of Vega Baja, once again giving notice to the municipality that plaintiff if suing the entity too. (Docket 2 and 5). Even more, the fact that on May 31, 2006, the Municipality of Vega Baja answered the complaint separately from the other co-defendants in this case further evidences that said entity received notice and an opportunity to respond. (Docket 11). Therefore, the Municipality of Vega Baja's request for dismissal on the basis that it is not named among the parties in the body of the complaint lacks merit.

The second argument presented in the motion to dismiss is that the allegations of the complaint do not claim any involvement of the Municipality of Vega Baja. (Docket 18 at ¶2). Although local governments may not be held liable under section 1983 based on the doctrine of *respondeat superior*, Rodríguez-García v. Municipality of Caguas, 495 F.3d 1, 12-13 (1st Cir. 2007), they may be sued for damages, as well as declaratory and injunctive relief, whenever

> the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover... local governments ... may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's decisionmaking channels.

Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690-91 (1978).[2]

---

[2] "Unlike a 'policy', which comes into existence because of the top-down affirmative decision of a policymaker, a custom develops from the bottom up. Thus, the liability of the municipality for customary constitutional violations derives not from its creation of the custom, but from its tolerance of or acquiescence in it." Britton v. Maloney, 901 F.Supp. 444, 450 (D. Mass. 1995).

5

An examination of the complaint reveals that plaintiff is alleging that since the mayor of the Municipality of Vega Baja took office, she "has been the victim of a continuing pattern of harassment and retaliation because she is a member of the PPD and because she had exercise her freedom of speech talking to the press regarding public interest issues and because she has filed several charges against defendants before the Puerto Rico Governmental Ethic Office." (Docket 1 at ¶4.8). In support of her claims, plaintiff alleges, among other things, that she was "stripped" of all her duties as administrator of the Vega Baja House of Tourism with the express knowledge and approval of all the defendants, that she was threatened with disciplinary measures, that she was denied access to her office, and that she was deprived of her computer. (Docket 1 at ¶4.9).

The Municipality of Vega Baja argues that plaintiff's "claim fails to allege that she was deprived of her constitutionally protected rights because of the implementation or promulgation of a policy of the municipal government of Vega Baja." (Docket 1 at ¶8).

> Government policy or custom, though, may be established by "a single decision by municipal policymakers under appropriate circumstances." Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986). Thus, "where action is directed by those who establish governmental policy," the municipality may be held liable for that action under §1983. Id. at 481. However, liability of the municipality under such circumstances will only attach where the "decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." Id.

Kelley v. LaForce, 288 F.3d 1, 9 (1st Cir. 2002). The defendants in this case include the mayor of the Municipality of Vega Baja, who certainly has policy-making authority, the vice-mayor, and the human resources director of said municipality, all of whom, as the caption provides, are being sued in their personal and official capacity. (Docket 1 at ¶¶3.2-3.4). At this stage in which all reasonable inferences must be made in plaintiff's favor, the court is satisfied that the complaint, particularly in its paragraphs 4.8-4.10 and 4.16, meets the minimum threshold to survive the Municipality of Vega Baja's motion to

dismiss. The court, of course, expresses no opinion as to whether plaintiff ultimately will prevail or as to whether she has sufficient evidence to sustain the allegations in her complaint.

The Municipality of Vega Baja finally argues that this court lacks jurisdiction pursuant to Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 121 (1984). Said case held, *inter alia*, that "in the absence of consent a suit in which a State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Id. at 100. However, "municipalities and counties, do not lie within the Eleventh Amendment's reach. Only the state itself and 'arms' of the state receive immunity." Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct and Sewer Authority, 991 F.2d 935, 939 (1st Cir. 1993) (citations omitted).

WHEREFORE, the motion to dismiss (Docket 18) is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, February 6, 2008.

                                                  s/Marcos E. López
                                                  MARCOS E. LOPEZ
                                                  U.S. MAGISTRATE JUDGE